United States District Court
Southern District of Texas

**ENTERED**

June 24, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR GOMEZ JALOMO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1322 |
| | § | |
| BRET BRADFORD, et al., | § | |
| | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Cesar Gomez Jalomo ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2000.[1] On February 24, 2025, Petitioner was transferred to the custody of Immigration and Customs Enforcement from the Montgomery County Sheriff's Office.[2] That same day Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] On March 24, 2025, Petitioner was granted a bond by an

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 22 ¶ 82. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 11, p. 2.

[3]Id.

immigration judge and was released from immigration custody.[4]  On December 26, 2025, ICE encountered Petitioner in Hunstsville, Texas, and took him into custody.[5]  On March 25, 2026, an immigration judge pretermitted Petitioner's relief applications and ordered him removed from the United States to Mexico.[6]  Petitioner has appealed that decision to the Board of Immigration Appeals.[7]  His appeal is pending and Petitioner remains in immigration custody.[8]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act ("INA"), (2) due process, and (3) the Suspension Clause, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[9]  Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[10]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 11).  Respondents argue that

---

[4]Id. at 3.

[5]Id.

[6]Id.

[7]Id.

[8]Id.

[9]Habeas Petition, Docket Entry No. 1, pp. 24-34, 36-46 ¶¶ 93-134, 144-183.

[10]Id. at 34-36 ¶¶ 135-143.

Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[11]  Petitioner has filed a reply.[12]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).[13]  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  Moreover, the court declines to enforce the Central District of California's holding in Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), as it does not control in light of Buenrostro-Mendez.[14]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D.

---

[11]Respondents' MSJ, Docket Entry No. 11, pp. 1-2.

[12]Petitioner's Reply to Respondent's Response to the Petition for Writ of Habeas Corpus and Opposition to the Motions for Summary Judgment, Docket Entry No. 12.

[13]Given that Petitioner is detained under § 1225(b)(2), his argument that his detention without a bond hearing violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 is without merit because those federal regulations "provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Shi v. Lyons, 812 F.Supp.3d 698, 707 (S.D. Tex. 2025).

[14]Other district courts have found that they are not bound by Bautista because the Central District of California lacked the authority to issue the opinion. See, e.g., Calderon Lopez v. Lyons, No. 1:25-CV-226-H, 2025 WL 3683918, at *14 (N.D. Tex. Dec. 19, 2025) (holding that the Central District lacked authority to issue the orders in Bautista because the orders are advisory and because the orders "violate the INA's limits on judicial review"); Jandres-Ordonez v. Bondi, No. 6:25-CV-084-H, 2026 WL 274493, at *1 (N.D. Tex. Jan. 23, 2026) (same).

Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover, Petitioner cannot seek habeas relief under the Accardi doctrine. Although Petitioner alleges he was arrested without a warrant in violation of 8 C.F.R. § 287.8(c)(2)(ii), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

Finally, as explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claims that his detention violates the Suspension Clause and the APA are foreclosed.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**, and Petitioner's

-4-

Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of June, 2026.

_____
                    SIM LAKE
           SENIOR UNITED STATES DISTRICT JUDGE